UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VINCENT CARTHANE,

      **Plaintiff,**

      v.                           **CASE NO.:**

GULF COAST HOLDINGS LLC d/b/a
OZ GENTLEMEN'S CLUB, LLC,
and PAUL SCAGNELLI, individually,

      **Defendants.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, VINCENT CARTHANE ("Plaintiff"), by and through undersigned counsel, brings this action against Defendants, GULF COAST HOLDINGS LLC d/b/a OZ GENTLEMEN'S CLUB, and PAUL SCAGNELLI, individually, (collectively "Defendants"), and in support of his claims states as follows:

**JURISDICTION AND VENUE**

1.     This is an action for damages for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for unpaid wages pursuant to Article X, Section 24 of the Florida Constitution and the Florida Minimum Wage Act, and for unjust enrichment under Florida common law.

2.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq.*, and supplemental jurisdiction under 28 U.S.C. § 1367 over

the Plaintiff's state law claims, including his claim for unjust enrichment, because they are so related to the FLSA claims that they form part of the same case and controversy under Article III of the United States Constitution.

3. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391 because the events giving rise to these claims occurred in Pinellas County, Florida, which is in this District.

## PARTIES

4. Plaintiff is a resident of Pinellas County, Florida and he worked for Defendants in Pinellas County, Florida.

5. Defendant OZ Gentlemen's Club, LLC ("OZ") is a Florida Limited Liability Company operating an adult entertainment nightclub in Pinellas County, Florida, where it employed Plaintiff.

6. Defendant Paul Scagnelli is the owner and/or managing member of OZ and exercised operational control over Plaintiff's employment, including authority over compensation practices, scheduling, working conditions, and termination, and is individually liable as an employer under the FLSA.

7. At all relevant times, Defendants jointly employed Plaintiff and operated as a single and/or integrated enterprise with respect to Plaintiff's employment. Defendants shared and exercised control over Plaintiff's work, pay

2

practices, and terms and conditions of employment, and are jointly and severally liable for the violations alleged herein.

## GENERAL ALLEGATIONS

8. Plaintiff requests a jury trial for all issues so triable.

9. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

10. Plaintiff has satisfied all conditions precedent, or they have been waived.

11. At all relevant times, Defendants were, and continue to be, an "enterprise" within the meaning of 29 U.S.C. § 203(r), as they performed related activities through unified operation and common control for a common business purpose.

12. At all relevant times, Defendants were, and continue to be, an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A), in that Defendants had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

13.    In the alternative, Plaintiff was individually engaged in commerce within the meaning of the FLSA, including handling goods, supplies, and materials that had moved in interstate commerce.

14.    Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e)(1).

15.    At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

16.    Upon information and belief, at all relevant times material hereto, Defendants had annual gross revenues in excess of $500,000.

17.    At all times material hereto, Defendants were "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d).

18.    Defendants continue to be "employers" within the meaning of the FLSA.

19.    Defendants "employed" Plaintiff within the meaning of 29 U.S.C. § 203(g), in that they suffered or permitted Plaintiff to work.

## FACTS

20.    Plaintiff began working for Defendants on or about May 11, 2014.

21.    Plaintiff worked as a bathroom attendant at Defendants' nightclub.

22. Plaintiff's primary duties included maintaining restroom cleanliness and safety, providing supplies to patrons, monitoring restroom activity, and reporting security issues to management.

23. Defendants required Plaintiff to work a regular schedule of approximately 7:30 p.m. to 3:30 a.m., Tuesday through Saturday.

24. Plaintiff routinely worked approximately forty (40) hours per week and, at times, worked additional hours beyond forty (40) per week.

25. Plaintiff worked exclusively for Defendants during his employment.

26. Defendants classified Plaintiff as an "independent contractor."

27. Plaintiff did not operate an independent business entity, did not set his own rates, and did not exercise independent control over the manner and means of his work.

28. Defendants controlled Plaintiff's schedule, work duties, workplace rules, and conditions of employment.

29. Plaintiff was economically dependent on Defendants.

30. Plaintiff had no independent opportunity to increase or decrease his earnings apart from customer tips and did not invest capital, equipment, or other resources in Defendants' business.

31. Despite this, Defendants did not pay Plaintiff any hourly wage or salary.

5

32. Plaintiff was paid solely through tips received from customers.

33. In addition, Defendants required Plaintiff to pay the nightclub $20.00 per shift from his earned tips as a mandatory "tip out," which Defendants retained for their own benefit.

34. Plaintiff conferred a direct monetary benefit on Defendants each time he was required to remit the $20.00 per-shift tip out, Defendants knew of and accepted that benefit, and Defendants retained that benefit under circumstances that make it inequitable for them to do so without repayment.

35. Defendants did not pay Plaintiff the federal or Florida minimum wage for any hours worked.

36. Defendants did not maintain accurate time or payroll records reflecting wages paid to Plaintiff.

37. Defendants' failure to pay minimum wage was willful and showed reckless disregard for the requirements of the FLSA and Florida law.

38. Plaintiff worked for Defendants through approximately January 28, 2026.

39. During the five years preceding the filing of this action, Plaintiff worked for Defendants and was not paid the required minimum wage for all hours worked.

## COUNT I – FLSA VIOLATION
### *Failure to Pay Minimum Wage, 29 U.S.C. § 206*

6

40.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 39 of this Complaint, as fully set forth herein.

41.     At all relevant times, Plaintiff was a non-exempt employee within the meaning of the FLSA.

42.     The FLSA requires employers to pay non-exempt employees at least the applicable minimum wage for all hours worked.

43.     Defendants failed to pay Plaintiff any direct wages for hours worked.

44.     Defendants further required Plaintiff to remit $20.00 per shift to the nightclub from his tips.

45.     As a result, Plaintiff was not paid the required minimum wage for hours worked.

46.     Defendants' violations were willful within the meaning of 29 U.S.C. § 255(a).

47.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

> (a)     Judgment against Defendants for an amount equal to Plaintiff's unpaid minimum wages;
>
> (b)     Judgment against Defendants stating that Defendants' violations of the FLSA were willful;

(c)    An equal amount to Plaintiff's minimum wage damages as liquidated damages;

(d)    To the extent liquidated damages are not awarded, an award of prejudgment interest;

(e)    A declaratory judgment that Defendants' practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

(f)    All costs and attorney's fees incurred in prosecuting these claims pursuant to 29 U.S.C. § 216(b); and

(g)    For such further relief as this Court deems just and equitable.

## COUNT II – FLSA VIOLATION
### Section 203(m)(2)(B) Violation

48.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 39 of this Complaint as though fully set forth herein.

49.    The FLSA prohibits employers from allowing managers and supervisors to retain or participate in employee tips.

50.    During Plaintiff's employment, Defendants required Plaintiff to remit $20.00 per shift from his earned tips to the nightclub.

51.    Defendants retained these tip-out payments for their own benefit.

52.    By requiring Plaintiff to surrender a portion of his earned tips and retaining those funds, Defendants unlawfully kept tips in violation of the FLSA.

53. As a result of Defendants' unlawful conduct, Plaintiff did not receive all tips to which he was legally entitled.

54. Defendants' conduct constitutes a violation of 29 U.S.C. § 203(m)(2)(B).

55. Defendants' violations were willful within the meaning of 29 U.S.C. § 255(a).

56. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

(a) Judgment against Defendants for an amount equal to Plaintiff's unlawfully retained tips;

(b) Judgment against Defendants stating that Defendants' violations of the FLSA were willful;

(c) An equal amount to Plaintiff's damages as liquidated damages;

(d) A declaratory judgment that Defendants' practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

(e) All costs and attorney's fees incurred in prosecuting these claims; and;

(f) For such further relief as this Court deems just and equitable.

## COUNT III – VIOLATION OF ARTICLE X, SECTION 24 OF THE FLORIDA CONSTITUTION AND THE FLORIDA MINIMUM WAGE ACT
### *Fla. Stat. § 448.110*

57.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 39 of this Complaint, as fully set forth herein.

58.    Plaintiff brings this claim pursuant to Article X, Section 24 of the Florida Constitution and Fla. Stat. § 448.110.

59.    Article X, Section 24 of the Florida Constitution guarantees employees payment of minimum wage for all hours worked.

60.    Defendants failed to pay Plaintiff the Florida minimum wage for all hours worked during the statutory period.

61.    Defendants' failure to pay minimum wage was knowing and willful.

62.    As a direct result, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

(g)    Judgment against Defendants for an amount equal to Plaintiff's unpaid minimum wages;

(h)    An equal amount to Plaintiff's minimum wage damages as liquidated damages;

(i)    To the extent liquidated damages are not awarded, an award of prejudgment interest;

(j)    All costs and attorney's fees incurred in prosecuting these claims; and;

(k)    For such further relief as this Court deems just and equitable.

## COUNT IV – UNJUST ENRICHMENT
### *Florida Common Law*

63.    Plaintiff realleges and readopts the allegations in paragraphs 1 through 39 of this Complaint, as though fully set forth herein.

64.    During Plaintiff's employment, Defendants required Plaintiff to remit $20.00 per shift from his earned tips to the nightclub as a mandatory "tip out."

65.    By requiring and receiving these payments, Defendants obtained and retained a direct monetary benefit from Plaintiff.

66.    Defendants had knowledge of the benefit conferred because they required the payments as a condition of Plaintiff's work and accepted and retained those payments.

67.    Under the circumstances, it would be inequitable and unjust for Defendants to retain the benefit of those tip-out payments without reimbursing Plaintiff for them.

68.    As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged in an amount to be proven at trial, including the total amount of the mandatory $20.00 per-shift payments retained by Defendants.

**WHEREFORE**, Plaintiff demands:

11

(a)   Award Plaintiff consequential and compensatory damages in an amount to be proven at trial;

(b)   Award Plaintiff pre-judgment and post-judgment interest on the foregoing amounts at the maximum rate permitted by law; and

(c)   Grant such other and further relief, including equitable relief, as this Court deems just and proper.

### **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated April 1, 2026.

Respectfully submitted,

*/s/Ashwin R. Trehan*
**ASHWIN R. TREHAN**
**Lead Counsel**
Florida Bar No.: 42675
**CANTRELL SCHUETTE, P.A.**
401 E. Jackson St, Ste. 2340
Tampa, FL 33602
Phone No.: (813) 519-0791
Email: atrehan@lawcantrell.com
Email: jtakx@lawcantrell.com
Email: Paralegal2@lawcantrell.com
***Counsel for Plaintiff***